FILED'10 NOV 23 13:35USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CLARENCE JONES,                              Civ. No. 09-645-AA

            Plaintiff,                       OPINION AND ORDER

        v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

            Defendant.
_____

AIKEN, Chief Judge:

    Plaintiff seeks judicial review of the Social Security
Commissioner's final decision denying his application for
supplemental security income (SSI) benefits under Title XVI of the
Social Security Act (the Act). This court has jurisdiction under
42 U.S.C. § 405(g). The decision of the Commissioner is reversed
and remanded for an award of benefits.

BACKGROUND

    On September 28, 2004 plaintiff protectively filed an
application for SSI.  Tr. 87-100.  His application was denied

1    - OPINION AND ORDER

initially and upon reconsideration, and plaintiff timely requested
an administrative hearing. Tr. 32-33, 63-65, 74-78. On February
14, 2008, plaintiff and a vocational expert appeared and testified
before an administrative law judge (ALJ). Tr. 537-62. On May 30,
2008, the ALJ issued a decision finding plaintiff able to perform
his past relevant work, thus finding plaintiff not disabled within
the meaning of the Act. Tr. 16-31. The Appeals Council denied
plaintiff's request for review, and the ALJ's ruling became the
final decision of the Commissioner. Tr. 5-7. Plaintiff now seeks
judicial review.

At the time of the ALJ's decision, plaintiff was forty-eight
years old with high-school equivalence education and past relevant
work as a grinder, book stacker, and laborer. Tr. 87, 102-06, 539.
Plaintiff alleges disability primarily due to mental limitations
and shoulder pain.

<u>STANDARD OF REVIEW</u>

This court must affirm the Commissioner's decision if it is
based on the proper legal standards and the findings are supported
by substantial evidence in the record. <u>Hammock v. Bowen</u>, 879 F.2d
498, 501 (9th Cir. 1989). Substantial evidence is "more than a
mere scintilla. It means such relevant evidence as a reasonable
mind might accept as adequate to support a conclusion." <u>Richardson
v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison
v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court must weigh "both the

evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The ALJ evaluated plaintiff's allegation of disability pursuant to the relevant sequential process. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920. At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" during the period of alleged disability.  Tr. 21; 20 C.F.R. § 416.920(b).

At steps two and three, the ALJ found that plaintiff had medical determinable impairments of bilateral rotator cuff strain, schizoaffective disorder, and cocaine abuse, in remission, but that plaintiff's impairments did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so

3   - OPINION AND ORDER

severe as to preclude gainful activity." Tr. 21-22; 20 C.F.R.
§ 416.920(c),(d). Accordingly, the inquiry moved to step four.

At step four, the ALJ assessed plaintiff's residual functional
capacity (RFC) and found that plaintiff retained the RFC to perform
medium work. 20 C.F.R. § 416.920(e). Specifically, the ALJ found
that plaintiff could lift and carry fifty pounds occasionally and
twenty pounds frequently, with no restrictions on his ability to
walk, stand, or sit. The ALJ also found that plaintiff was limited
to simple, repetitive tasks in a non-public setting with occasional
contact with co-workers. Tr. 23, 30. Based on this RFC
assessment, the ALJ found that plaintiff retained the RFC to
perform his past relevant work as a grinder and book stacker. Tr.
30; 20 C.F.R. § 416.920(f). Therefore, the ALJ did not proceed to
step five and found plaintiff not disabled under the meaning of the
Act. Tr. 30.

DISCUSSION

Plaintiff argues that the ALJ erred in rejecting the opinion
of several medical providers, finding plaintiff not credible,
improperly rejecting lay witness testimony, and providing
inadequate findings at step three. I agree that the ALJ erred in
rejecting the opinion of examining and treating medical and mental
health providers.

In finding plaintiff not disabled, the ALJ rejected the
uncontradicted opinion of Dr. Neville, an examining physician, who

4    - OPINION AND ORDER

determined that plaintiff was able to lift only twenty pounds.  Tr.
344.  The ALJ also rejected the opinions of Steven Barry, Ph.D. and
Matilda Mengis, M.D. regarding plaintiff's mental limitations and
capacities.    The ALJ also discounted or failed to address the
opinions of several mental health providers.

It   is   well-established   that   an   ALJ   may   reject   the
uncontradicted opinion of a treating or examining physician by
providing clear and convincing reasons supported by substantial
evidence in the record.  See Lester v. Chater, 81 F.3d 821, 830-31
(9th Cir. 1995); Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir.
1995).  I find that the ALJ did not provide clear and convincing
reasons to reject these opinions.

The ALJ rejected the finding of Dr. Neville regarding
plaintiff's ability to lift and carry, because the ALJ felt those
findings conflicted with Dr. Neville's description of plaintiff's
functioning.  Tr. 28.  However, Dr. Neville based that particular
finding on plaintiff's reduced range of motion in his shoulders, as
set forth in Dr. Neville's report.  Tr. 342-43.  Further, as noted
by the ALJ, a non-examining, consulting physician adopted Dr.
Neville's findings after reviewing the medical record.  Tr. 364.
The ALJ cannot substitute his judgment for those of medical
experts, particularly when the medical findings are uncontradicted.
See Winfrey v. Chater, 92 F.3d 1017, 1022 (10th Cir. 1996); Schmidt
v. Sullivan, 914 F.2d 117, 118 (7th Cir. 1990) ("But judges,

including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor."). Thus, I find that the ALJ failed to provide clear and convincing reasons to discount Dr. Neville's uncontradicted findings.

The ALJ likewise discredited the conclusion and findings of Dr. Barry, an examining psychologist, and Dr. Mengis, a treating psychiatrist. Dr. Barry interviewed plaintiff, spoke with plaintiff's counselor on two occasions, reviewed plaintiff's medical and mental health records, performed a personality inventory, and prepared a written report. Tr. 330-39. Dr. Barry opined that plaintiff was "disabled" due to a combination of disorders, that his problems were "chronic," that they would last more than twelve months, and that plaintiff should not manage his own finances. Tr. 339. Dr. Barry further asserted that plaintiff was "markedly limited" in his abilities to maintain attention and concentration for extended periods, to complete a normal workday and workweek without interruptions from psychologically-based symptoms, and to perform at a consistent pace without an unreasonable number and length of rest periods. Tr. 463.

The ALJ discredited the mental limitations set forth by Dr. Barry, because it was in a "check-box" form with no medical statement. Tr. 29. However, Dr. Barry indicated that the assessed limitations were based on his report, which set forth the bases for

Dr. Barry's opinion and conclusions.    Tr. 339, 463.    The ALJ
further discredited Dr. Barry's conclusion regarding plaintiff's
low Global Assessment Functioning (GAF) score, because "as the
State agency reported, Dr. Barry relied upon conflicting
information offered by the plaintiff in reaching that score."    Tr.
29.    However, the ALJ does not identify what information was
conflicting or why such information did not support Dr. Barry's GAF
assessment or overall evaluation of plaintiff.    Moreover, Dr. Barry
did not rely solely on plaintiff's statements in rendering his
opinion; he also relied on medical evidence and discussions with
plaintiff's counselor.    Tr. 330, 334.    Therefore, I find that the
ALJ failed to provide legally sufficient reasons to give greater
weight to the opinion of a non-examining physician than to the
opinion Dr. Barry, an examining psychologist.    See Widmark v.
Barnhart, 454 F.3d 1063, 1066-67 & n.2 (9th Cir. 2006) (a contrary
opinion of a non-examining medical expert does not constitute
substantial evidence to support rejecting a treating or examining
physician's opinion); Tonapetyan v. Halter, 242 F.3d 1144, 1149
(9th Cir. 2001) (accord).

       Dr. Mengis, a treating psychiatrist, completed an evaluation
of plaintiff in January 2008.    Tr. 492-94.    She rendered several
diagnoses and noted that plaintiff was experiencing continuing
difficulty with concentration and memory, as well as depression and
anxiety.    Tr. 493.    Dr. Mengis assessed plaintiff with a GAF score

7    - OPINION AND ORDER

of 43, indicating serious symptoms and functional problems.   Tr.
494.   The ALJ discredited Dr. Mengis's opinion, disagreeing with
her assessment of plaintiff's mental status during the evaluation.
Tr. 29.  I do not find this reason clear and convincing or specific
and legitimate.  Again, the ALJ cannot substitute his own judgment
for that of a treating physician, particularly when the evidence
supports the physician's opinion.  Thus, I find that the ALJ failed
to give legally sufficient reasons to reject the opinions of Dr.
Mengis.

     The ALJ's rejection of these opinions is rendered more
problematic in light of the extensive evidence of record that
reflects plaintiff's long-standing mental impairments.   20 C.F.R.
§ 416.927(d)(4).  Many of plaintiff's mental health care providers
have documented his mental impairments and resulting difficulties
and indicated that plaintiff is unable to perform sustained
employment.  Tr. 139-47, 173-74, 383, 394, 453-54, 466-67, 478-80.
While the ALJ cited certain provider notes to support his finding
that plaintiff's condition improved at times, tr. 27-28, the ALJ
ignored those that indicated continuing debilitating mental
limitations.  The ALJ cannot pick and choose among the evidence of
record to support his findings.    Robinson v. Barnhart, 366 F.3d
1078, 1083 (10th Cir. 2004) ("The ALJ is not entitled to pick and
choose from a medical opinion, using only those parts that are
favorable to a finding of nondisability."); Switzer v. Heckler, 742

8   - OPINION AND ORDER

F.2d 382, 385-86 (7th Cir. 1984) ("[T]he Secretary's attempt to use only the portions [of a medical report] favorable to her position, while ignoring other parts, is improper.").

The final question is whether the case should be remanded for further administrative proceedings or for an award of benefits. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000). Accepting the medical and psychological evidence cited above as true, I find an award of benefits appropriate. Widmark, 454 at 1069; Holohan v. Massanari, 246 F.3d 1195, 1211 (9th Cir. 2001). Dr. Barry opined that plaintiff was markedly limited in his ability to sustain concentration throughout the workday, and the vocational expert testified that this limitation would preclude competitive employment. Tr. 463, 561. Therefore, no outstanding issues remain to determine disability.

## CONCLUSION

The ALJ's finding that plaintiff is not disabled under the Act is not supported by substantial evidence in the record, and no outstanding issues remain. Accordingly, the decision of the Commissioner is REVERSED and REMANDED for an award of benefits. IT IS SO ORDERED.

DATED this 22nd day of November, 2010.

_____
Ann Aiken
United States District Judge

9   - OPINION AND ORDER